UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S14:08CR365CAS(MLM) |
| ) | |
| WILLIAM E. McKANRY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Defendant's Motion to Dismiss Count One of the Superseding Indictment [Doc. 86] and Defendant's Motion to Dismiss Counts Three, Five, Nine, Eleven, Thirteen, Fifteen, Seventeen and Twenty (Mail Fraud Counts) of the Superseding Indictment [Doc.87]. The government responded. [Doc. 88]

On June 12, 2008 a Grand Jury returned an Indictment containing twenty-one counts alleging conspiracy, mail fraud and wire fraud. All but one count named defendant William E. McKanry. In addition to the defendant, William C. McKanry and Paula Enders were named as co-defendants in each of those twenty counts. (Doc. 2)

On November 25, 2008 defendant signed a Waiver of Pretrial Motions and acknowledged that he had received discovery, discussed the issue of pretrial motions with counsel and decided it was in his best interest not to file pretrial motions. The court accepted defendant's waiver. (Doc. 44)

On December 18, 2008 defendant's co-defendant Paula Enders pleaded guilty to Count Twenty of the original Indictment. She admitted devising a scheme and artifice to defraud various lenders with the defendant and others to defraud a number of lenders. (Doc. 55)

On June 25, 2009 defendant's co-defendant William C. McKanry (defendant's son) pleaded guilty to Count Ten of the original Indictment. William C. McKanry admitted to devising a scheme and artifice to defraud lenders, specifically admitting that the practice employed by him and the defendant of providing down payments in the name of the purchaser of certain real estate properties when in truth and fact the down payments were coming from him and the defendant was fraudulent. (Doc. 74)

On July 16, 2009 a Grand Jury returned a Superseding Indictment against defendant. Because the two co-defendants had already pleaded guilty, they were not named in the Superseding Indictment. In all material respects the Superseding Indictment is the same as the original Indictment as to the defendant except that one additional charge of Lying to a Federal Official was added as Count Two. (Doc. 77)

On August 14, new counsel entered his appearance on behalf of defendant. Although defendant knowingly, intentionally and voluntarily waived the filing of pretrial motions, the court will, in the interest of justice, take up the two pending motions.

1.  **Defendant's Motion to Dismiss Count One (Doc. 86)**

Defendant moves to dismiss Count I of the Superseding Indictment on the ground that it fails to state the essential elements of the offense and fails to provide adequate notice.

To be legally sufficient on its face, the indictment must contain all the essential elements of the offenses charged, it must fairly inform the defendant of the charges against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418

U.S. 87, 117 (1974); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

In order properly to plead a conspiracy count the government must allege: (1) that two or more persons willfully conspired, combined, confederated and agreed with each other to commit an offense against the United States or to defraud the United States and (2) one or more of such persons did any act to effect the object of the conspiracy. Count One of the Superseding Indictment in this case alleges:

> Between on or about December 1, 2005 and January 31, 2006 in St. Louis County in the Eastern District of Missouri
>
> **WILLIAM E. MCKANRY,**
>
> the defendant herein, and William C. McKanry and Paula Enders, not indicted in this indictment, and others known and unknown to the Grand Jury did knowingly and willfully conspire, combine, confederate and agree with each other and others known and unknown to the Grand Jury to commit offenses against the United States, to wit: (a) bank fraud. . . (b) mail fraud. . . (c) wire fraud. . . and (d) make false statements. . . in order to conceal the conspiracy.

Defendant argues that the Indictment does not "show that there was ever any agreement between William E. McKanry…William C. McKanry…and Paula Enders to take part in Enders' illegal acts."[1] However, as noted above, the Indictment specifically alleges defendant's agreement with William C. McKanry and Paula Enders to commit bank, wire and mail fraud. See Superseding Indictment at ¶18. The Indictment goes on to allege eight separate "manner and means" of the same agreement, explaining in detail how the

---

[1] The cases cited by defendant all deal with the sufficiency of the evidence at trial, not the sufficiency of the pleadings.

- 3 -

agreement worked and how it was deceptive and fraudulent and eighteen separate overt acts committed in furtherance and execution of that agreement. Id. at ¶¶ 19-44. Defendant's arguments go to the government's proof at trial and the sufficiency of the evidence.

Contrary to defendant's claims, the Superseding Indictment tracks the language of the applicable statute for conspiracy and includes each of the essential elements of that crime. If the government's evidence is insufficient at trial, it may result in an acquittal. However, the Indictment contains all the essential elements of the offense charged, fairly informs the defendant of the charge against which he must defend and alleges sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. Hamling, 418 U.S. at 117. Defendant also argues that the Superseding Indictment fails to give adequate notice. On the contrary, this Superseding Indictment is a plain, concise and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7 of the Federal Rules of Criminal Procedure. It tracks the language of the statute and places the defendant on notice of the nature and extent of the charge in order to protect him from double jeopardy. See Hamling, 418 U.S. at 117; Young, 618 F.2d at 1286.

**2. DEFENDANT'S MOTION TO DISMISS COUNTS THREE, FIVE, NINE, ELEVEN, THIRTEEN, FIFTEEN, SEVENTEEN AND TWENTY (MAIL FRAUD COUNTS) (DOC. 87)**

In this Motion defendant argues that the Superseding Indictment fails to state the essential elements of the mail fraud counts and fails to give adequate notice. As set above, To be legally sufficient on its face, the indictment must contain all the essential elements of the offenses charged, it must fairly inform the defendant of the charges against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States

Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

In the present Superseding Indictment, each of the mail fraud counts tracks the language of 18 U.S.C. § 1341 and contains each essential element of that crime: the four essential elements of mail fraud are (1) devising or participating in a scheme to defraud; (2) the intent to defraud; (3) knowledge that it was reasonably foreseeable that the mails would be used; and (4) use of the mails in furtherance of the scheme. U.S. v. Redzik, 569 F.3d 841, 847 (8th Cir. 2009)

The mail fraud counts of the Superseding Indictment set out in detail each of the elements of the crime. See for example, Count Three:

> "William E. McKanry. . .and William C. McKanry. . .and Paula Enders. . . having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did deposit and cause to be deposited, an envelope with closing documents of USA Title, LLC and USA Properties, LLC (William C. McKanry and William E. McKanry) and LM for property known as . . ., O'Fallon, Missouri to be sent and delivered by a private or commercial interstate carrier, DHL Worldwide Express, Inc. to EquiFirst Corporation. . . North Carolina. . .."

The other mail fraud counts, similarly to Count Three, set out all of the essential elements of the crime of mail fraud.

Once again, defendant's arguments go to the sufficiency of the evidence at trial and whether the government's proof at trial will be adequate to convict him. Whether a defendant has a valid defense at trial to the allegations contained in an indictment is not

an issue this court can determine in the context of a motion to dismiss the indictment. United States v. Knox, 396 U.S. 77, 83-84 (1969); see also United States v. Exxon, 328 F.3d 456, 459 (8th Cir. 2003) (indictment returned by a properly impaneled grand jury is entitled to a strong presumption of regularity).

Defendant also argues the mailings cited in each of the mail fraud counts occurred "after the scheme reached [its] fruition." and therefore can not be "in furtherance" of the scheme as required under 18 U.S.C. § 3141 citing United States v. Taylor, 789 F.2d 816 (8th Cir. 1996). Again, this is an impermissible attempt to argue the sufficiency of the evidence in a pretrial motion. The Superseding Indictment alleges the mailings of the closing documents were made in execution of the mail fraud scheme. See e.g. Superseding Indictment at Count Three, ¶ 2. Defendant is free to make arguments about the receipt or non-receipt of closing documents at trial but it is not a suitable argument in a motion to dismiss.

In addition, defendant argues the Superseding Indictment does not adequately notify him of the mail fraud charges; however, a mail fraud indictment that lists the dates of the alleged mailings, the amounts of money involved in the underlying transactions, the names of the individuals and entities involved and a description of the type of transactions easily satisfies the notice requirements for a mail fraud indictment. United States v. Totaro, 40 Fed.Appx. 321, 324 (8th Cir. 2002); see also United States v. Cerone, 820 F.2d 938, 951 (8th Cir. 1987) (conspiracy indictment containing "lengthy statements of fact" detailing the alleged conspiracy gave defendant adequate notice of the charge). In the present case defendant's attempts to explain his conduct and address specific arguments contained in his Motions undercuts his claim of lack of notice. In addition, the government has turned over extensive discovery detailing each and every one of the real estate transactions

described in the indictment and the statements of witnesses interpreting those transactions. United States v. Perez, 960 F.2d 1569, 1574 (11th Cir. 1992) (court may also consider discovery turned over in assessing the sufficiency of notice to the defendant).

This Superseding Indictment is a plain, concise and definite statement of the essential facts constituting the offenses charged and complies in all respects with Rule 7 of the Federal Rules of Criminal Procedure. It tracks the language of the statutes and places the defendant on notice of the nature and extent of the charges in order to protect him from double jeopardy. See Hamling, 418 U.S. at 117; Young, 618 F.2d at 1286. The mail fraud counts should not be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Count One of the Superseding Indictment be **DENIED**. [Doc. 86]

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss Counts Three, Five, Nine, Eleven, Thirteen, Fifteen, Seventeen and Twenty (Mail Fraud Counts) of the Superseding Indictment be **DENIED**. [Doc. 87]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                              /s/Mary Ann L. Medler
                                              MARY ANN L. MEDLER
                                              UNITED STATES MAGISTRATE JUDGE

Dated this   4th    day of September, 2009.